UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MAXIM SEMIGLAZOV AND YANA SEMIGLAZOVA,
Individually and as law guardians (mother and father) for
A.S., a minor child,

                Plaintiffs,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK, THE CITY SCHOOL DISTRICT OF
THE CITY OF NEW YORK AND THE CITY OF NEW
YORK, BARBARA LETO, INDIVIDUALLY AND AS
PRINCIPAL FOR THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK AND HEATHER
HERNANDEZ, INDIVIDUALLY AND FOR THE
DEPARTMENT OF EDUCATION OF THE CITY OF
NEW YORK,

                Defendants.
------------------------------------------------------------------------X

**Index No.**

**COMPLAINT**

## PRELIMINARY STATEMENT

1.     A.S., a minor child, has suffered an unrelenting and shockingly cruel behavior of verbal abuse and harassment.

2.     A.S. was bullied, verbally abused, and harassed by Principal Barbara Leto and PTA President Heather Hernandez.

3.     School staff, District 28, and NYC DOE flouted their legal obligation to document and investigate the bullying of AS. When the plaintiffs reported the harassment themselves, the school, the District, and the NYC Department of Education failed to conduct thorough investigations and instead took half-hearted actions, ultimately failing to take any action against the Principal, Barbara Leto, and the PTA president, both of whom were allegedly bullying her.

4.     The school and the NYC Department of Education also refused to recognize the profoundly

1

deleterious effect that this traumatic bullying had on A.S.'s educational environment.

5. As the adults at her school stood by and allowed the bullying to continue, A.S. became increasingly disconsolate. She became so anxious about the prospect of attending school.

6. A.S. was denied educational instruction after her teacher removed A.S. from the classroom; the principal yelled at A.S., and the principal and other school personnel threatened A.S. with jail time. A.S. missed out on instructional time and was not allowed back into the classroom until dismissal. The actions are in violation of A.S.'s educational plan in accordance with IDEA.

7. Defendants' failures are morally and legally inexcusable and render them liable under federal, state, and local law.

8. This is a civil action based upon Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 and Section 504, 29 U.S.C. 794, by discriminating against Plaintiff due to her disability and perceived disability. The parents are also seeking damages for retaliation for advocating on behalf of their daughter under Section 504. Plaintiff is seeking damages for violating her civil rights. Additionally, there are state law claims as outlined below.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over the Defendant, the Department of Education of the City of New York (DOE), pursuant to 42 U.S.C § 12117 and 28 U.S.C. 1331. Plaintiffs invoke the supplemental jurisdiction regarding the state law claims pursuant to 28 U.S.C.1367.

10. Venue lies in this District pursuant to 28 U.S.C. 1391 (b) (2) as a substantial part of the events giving rise to the claim arose within the Eastern District.

## THE PARTIES

11. Defendants Department of Education of the City of New York and the Board of Education of the City School District of the City of New York (hereinafter collectively referred to as

"Defendant or DOE") are charged by law with responsibility for the operation, management, and control of the New York City public education and is within the jurisdiction of this Court. Defendant Barbara Leto was the Principal at PS 303 at all times relevant in the Complaint and was acting individually and as Principal for the Department of Education of the City of New York. Heather Hernandez is a member of the P.S. 303 Parent-Teacher Association and acted individually and on behalf of the P.S. 303 Parent-Teacher Association.

12. The DOE is a recipient of federal financial assistance as defined by Section 504 (29 U.S.C. 794) and the regulations promulgated thereunder.

13. Defendant DOE offers a variety of programs and services for students with disabilities, enabling them to gain access to their education.

14. Plaintiff A.S. is a qualified individual with a disability in that she met the essential requirements for receiving services and reasonable accommodations. The Plaintiff's disability without reasonable accommodations directly adversely impacts her education.

15. Plaintiff has a record of such an impairment and was regarded as having such an impairment.

16. Plaintiffs Maxim Semiglazov and Yana Semiglazova, natural law guardians (father and mother), on behalf of their daughter A.S., a minor child (hereinafter "Plaintiff"), was a student at PS 303 located in Queens, New York.

## FACTUAL STATEMENT

17. A.S. was born in 2015 and attended PS 303, located at 6860 110 Street, Forest Hills, NY 11375.

18. A.S. was bullied and harassed at school by the PTA President Heather Hernandez. Despite the mother's efforts to get the bullying and harassment to cease, it continued unabated, as set forth

below.

19. DOE implements DASA in New York City schools on behalf of the BOE.

20. Under the DOE Chancellor's Regulation A-832, which concerns Student-to-Student Discrimination, Harassment, Intimidation, and/or Bullying, a school principal or his/her designee must enter all reports of bias-based harassment or bullying into DOE's Online Occurrence Reporting System ("OORS") within one school day of receiving the report and must promptly investigate all such reports. The principal or designee "must take immediate steps and appropriate follow-up action to ensure that the conduct has stopped," provide appropriate interventions and supports to the victim, and impose appropriate discipline on the perpetrators of bias-based harassment or bullying. The regulation specifically provides that "neither mediation nor conflict resolution is under any circumstances an appropriate intervention for bullying or intimidation."

21. The Plaintiffs' daughter, A.S., attends PS 303, located at 6860 100 Street, Forest Hills, NY 11375.

22. A.S. has disabilities (ADHD, Language Disorder, and Dyslexia) and has an IEP and a BIP.

23. On or about February 10, 2024, the PTA president verbally abused A.S. She was being bullied and verbally abused by the PTA president, Heather Hernandez, including telling A.S. in front of the Plaintiffs, "I will cut your fingers off." The incident with the PTA president occurred off the school grounds.

24. The Plaintiffs complained to the principal, SLT Team School Administration, the District Superintendent's office, as well as the Family Leadership Coordinator about the abuse on February 13, February 14, and February 16, 2024.

25. The Plaintiffs also filed an OEO complaint on February 16, 2024. To the Plaintiffs' knowledge, no action was taken by the DOE.

26. Furthermore, on and about March 14, 2024, the Plaintiffs introduced a motion to investigate the incident and the reprehensible PTA president's behavior toward children. The PTA failed to pass the motion and failed to form a committee to investigate on the grounds that the PTA president yelled at A.S. outside of school. This is negligent, in violation of the code of conduct for PTA officers, and is an implicit endorsement of bullying of special needs kids, as evidenced by a lack of action by the PTA and DOE.

27. In addition, on or about March 15, 2024, the Plaintiffs submitted a request for the PTA meeting recording on March 14, 2024. On or about April 10, 2024, the PTA board refused to turn over the recording at the Plaintiffs' request.

28. This behavior caused A.S. mental distress; A.S. is struggling with emotional regulations.

29. A.S. has been constantly harassed, bullied, and blamed rather than having school leadership take a proactive approach to implementing best practices.

30. The Plaintiffs' advocacy has been met with additional bullying and harassment by the school PTA and Administration, causing emotional and mental distress.

31. The PTA Presidents' bullying and verbal abuse of A.S., coupled with a complete lack of action by the DOE regarding a special needs student at the school, is contrary to Federal, New York State, and New York City law.

32. Furthermore, at one of the March 8, 2023 meetings, the School Leadership Team stated that this was not the right school for A.S.

33. On or about February 2024, A.S. brought in snow from the outside to school: the Plaintiffs received a call about it and were never told again about the "incident" at dismissal and a zip lock bag with water in it.

34. Moreover, on or about March 26, 2024, it was reported that A.S., as if by a flip of a switch,

with no warning or apparent reason, started behaving erratically and attacked the paraprofessional and two teachers.

35. While A.S. is still struggling with some emotional control issues (albeit with the help of therapy and support in place, such occurrences are exceedingly rare), the conduct is atypical, which calls into question the accurate reporting of these events. The school failed to implement the positive reinforcement strategies outlined in the BIP, in violation of the IDEA and ADA for individuals with disabilities.

36. The school submitted an A-412 report, which is grossly inaccurate and in violation of A-412 of the NYC DOE Chancellor regulations. In addition, the PTA president was in the same room on the day the incident occurred, posing grave danger and traumatizing A.S.

37. Since this occurred, the mother has been followed and pursued on public sidewalks around the school by the administration and teachers in an effort to eavesdrop on her conversations with other parents and others. For example, she was followed by one of the school staff members, Joann Giglio-Cassata, when she went to school to vote in the primaries on April 2, 2024.

38. On or about May 15, 2024, A.S. was kicked out of the classroom, yelled at by the principal, threatened with jail, and fell asleep on the floor in the hallway. She was not allowed back into the classroom until dismissal. This is a clear violation of her BIP.

39. On or about May 18, 2024, the Plaintiffs also requested an investigation into the yelling and threatening of A.S. (an eight-year-old child with disabilities) with jail by the principal. The Plaintiffs submitted an OSI report, number 24-05911X, regarding the incident at school on May 15, 2024, and, to date, have not received a response from the NYC DOE.

40. After school, when A.S. was upset during pickup, Plaintiff (mother) was informed by A.S. that she did not want to go to school the next day.

41. Outside the school but still on school property, A.S., and her teacher, A.S., walked by on the way to the parking lot. The Plaintiff called her name with the intent of asking what happened in school that day, but Ms. Garger ignored her. The Plaintiff proceeded home and stopped to converse with another parent, who was standing 20 feet away from the school property, next to a tree.

42. A.S. was excluded from class activities, singled out by her teachers, and unfairly disciplined. Being punished in such a manner is not only a violation of her BIP but is also highly discriminatory and violates the ADA and Section 504 of the 1973 Rehabilitation Act.

43. On or about May 16, 2024, school employees were harassing Plaintiff (mother) by following her and listening in to her private conversations, causing severe psychological and emotional distress.

44. Thereafter, the Plaintiff (mother) received a limited access letter dated May 20, 2024, received on May 22, 2024. The letter, dated May 20, 2024, states that it was sent via certified mail with a return receipt. However, the Plaintiff was handed the letter on the morning of the A.S.'s performance at school, on May 22, 2024.

45. May 22, 2024, was the day of the performance at school, one of the two days in the academic year when parents are allowed in the school, and Plaintiff was given a limited-access letter.

46. The Plaintiff received two letters, one certified and one regular mail, but both were postmarked on May 22, 2024, after the performance had already taken place, effectively giving the Plaintiff little opportunity for recourse. A.S. did not find out that the Plaintiff would not be able to attend until during the performance and was heartbroken.

47. A.S. had several instances when she refused to go to school because she felt segregated

and discriminated against by this policy. At some point in July, she was denied entry into school by an assigned paraprofessional. The limited access letter caused severe emotional and psychological pain and harmed the personal reputation of the Plaintiff.

48. The letter stated in part:

> "On May 15, 2024, at approximately 2:30 pm, you precipitated a serious incident at the school that required the involvement of administration. While in the presence of several staff members, you began pursuing a staff member to their car in the parking lot shouting their name. You then waited by the tree blocking the exit to the parking lot. Administration was called to the scene and had to escort the staff person out of the lot to go home. On May 16, 2024, at approximately 2:30 pm you precipitated another serious incident at the school. On this date, you were again near the school staff parking lot at dismissal. A staff member reported that you said, "We have to do something, We have to end them." And other comments while discussing school staff and administration. In doing so, you jeopardized the safety and security of the school community. Your actions caused staff members and students to feel unsafe. These incidents were reported to the Superintendent, the Borough Safety Director, and The New York City Department of Education's Online Occurrence Reporting System ("OORS").

49. In addition, regarding access, the May 20, 2024 letter stated the following:

> As a result, I am establishing the following procedures effective immediately:
>
> 1. If you wish to meet with me or any other staff member, then you must call the office at 929-467-6200 to make an appointment or to arrange for a telephone conference.
>
> 2. Upon entering the building, you must register at the front security desk and remain there until a staff member comes to meet you.
>
> 3. If you regularly drop off your child at school, then please bring your child to the front gate on 110th Street. Appropriate arrangements will be made to bring your child to class.
>
> 4. If you regularly pick up your child from school, then please pick up your child from the 110th Street exit. If you are late, please call the school in advance of your arrival and appropriate arrangements will be made to bring your child to the 110th street gate. (Main Entrance)

> 5. If you unexpectedly need to pick up your child, then you must call the school prior to arriving. Upon your arrival, please go to the front security desk and remain there. Appropriate arrangements will be made to bring your child to the security desk.
>
> 6. If you wish to attend a parent-association meeting at the school, then you must check in at the front security desk upon arrival in the building and immediately transition to the meeting location. You are not permitted to access any other areas of the school building beyond the meeting location and nearest lavatory. If you become disruptive at the meeting, then you will be provided with a warning asking you to refrain from such conduct. If you continue to disrupt the meeting, then you will be removed.
>
> We are committed to continuing to work with and assist you with any concerns that you may have regarding your child. However, we must also ensure a safe and orderly environment on our school premises.

50. The DOE failed to explain on what authority the DOE issues limited access letters and how they are communicated and adjudicated. The NYC DOE Director of Borough Security in charge of enforcing the letter could not cite relevant regulations or was unfamiliar with the facts of the letter to the Plaintiffs.

51. The Plaintiffs submitted a FOIL request to substantiate allegations made by the school as unfounded and slanderous. Limiting access to the school is discriminatory and retaliatory due to the Plaintiffs' advocacy for their special needs child.

52. There was no cause whatsoever by the DOE.

53. The aforementioned letter was baseless, was without justification whatsoever, and was done deliberately, recklessly, maliciously, negligently, grossly negligent, and due to the Plaintiffs' advocacy for their special needs child.

54. As a direct and proximate result of the DOE's conduct, including Principal Leto, the Plaintiffs suffered damage to their reputation, mental pain, anguish and suffering, and other damages at the hands of the DOE.

55. The written and oral statements were clearly understood by the very nature of the

allegations that the Plaintiff acted irrationally and destroyed their personal reputation. These statements were slander and libel per se.

56. The Defendants made these statements with the intent of destroying the Plaintiffs' personal reputation.

57. Further, the allegations were so incendiary that it was natural and foreseeable consequences that the spurious allegations would be repeated throughout the school and would become common knowledge. As a result of the publication of the statement to third parties, it has become common knowledge at PS 303 that the Plaintiff has acted irrationally.

58. DOE failed to articulate policy, point of regulation, how a policy is communicated to parents, mechanisms for reversal of such letters, or provide any relief from segregation, emotional pain and suffering, and damage from personal and professional reputation.

59. The letter was issued based on false information and as a result of harassment of the Plaintiffs by DOE employees on and off school property (as evident in the letter itself) with the intent of inflicting emotional and psychological harm, damage to personal and professional reputation and in retaliation for advocating for their daughter while DOE employees and PTA exhibited gross neglect of their daughter's safety and emotional and psychological wellbeing and causing pain and suffering throughout their actions.

60. By issuing the letter, the DOE retaliated against the parents for their advocacy.

61. On August 19, 2024, the Plaintiffs served a notice of claim pursuant to Education Law § 3813 and General Municipal Law § 50-e upon the Defendants Board of Education of the City School District of the City of New York and New York City Department of Education.

62. On January 7, 2025, Plaintiffs served an amended notice of claim pursuant to Education Law § 3813 and General Municipal Law § 50-e upon Defendants Board of Education of the City

School District of the City of New York and New York City Department of Education.

63. More than thirty days have elapsed since the notice of claim was served, and payment thereof has been neglected or refused.

64. Defendants served a demand for an examination of Plaintiffs under General Municipal Law § 50-h, and an examination has been conducted.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENT SUPERVISION - DEFENDANT DOE AND LETO**

65. Plaintiffs hereby repeat and reallege each allegation in each numbered paragraph above.

66. Defendants owed a duty of care to A.S. as a student at PS 303.

67. At all relevant times, Defendants were under a legal duty to adequately supervise A.S. at PS 303 and to exercise such care of A.S. as a parent of ordinary prudence would observe in comparable circumstances.

68. Defendants breached the duty of care that they owed to them by allowing her to be bullied, harassed, and assaulted, failing to provide her with necessary and proper care and supervision, failing to detect and remedy the bullying and harassment, and failing to supervise A.S properly.

69. These breaches of Defendants' duty and care proximately caused A.S.'s damages and injuries as described herein.

70. Defendants DOE and BOE are vicariously liable for the tortious conduct of their employees as alleged herein.

71. A.S. has undergone significant emotional trauma as a result of the DOE's actions and negligence.

72. There has been a complete and total lack of a response to this very grave situation, which has endangered A.S.'s well-being.

73. As a result of this bullying, which has been allowed to continue unabated by the school, A.S. has suffered significant psychological harm.

74. Said occurrences and the injuries resulting to the minor Plaintiff therefrom were caused solely by the negligence of the Defendants herein as hereinabove alleged, without any negligence on the part of said Plaintiff contributing thereto.

75. The psychological damage and damage to her reputation caused by Defendants is foreseeable and profound.

76. A.S. had to leave school and was completely socially isolated from her peers. In short, she is deprived of a normal childhood as a result of the actions and inactions taken by Defendants.

77. As a result of the foregoing, Plaintiff has been damaged.

78. The psychological damage and damage to her reputation caused by the Defendants are foreseeable and profound. As a result of the foregoing, Plaintiff has been damaged.

## SECOND CLAIM FOR RELIEF - A.S. ONLY
## N.Y. EXECUTIVE LAW § 296(6) - AGAINST ALL DEFENDANTS

79. Plaintiffs reallege the preceding paragraphs as if set forth here.

80. DOE is an educational institution as defined by New York Executive Law § 292(37).

81. Defendants Leto and Hernandez are not "school officers" within the meaning of N.Y. Education Law § 2, and claims against them are therefore not subject to the requirements of N.Y. Education Law § 3813(1).

82. DOE discriminated against A.S., in violation of N.Y. Executive Law § 296(4), by subjecting her to different treatment on the basis of her disability, including by subjecting her to harassment, bullying, intimidation, and a hostile educational environment; by failing to prevent, respond to, adequately investigate, and/or appropriately resolve and remedy instances of unlawful discrimination; and by exhibiting deliberate indifference to the risk that he would be subjected to

unlawful discrimination and a hostile educational environment.

83.  Defendants Leto and Hernandez aided and abetted DOE's unlawful discrimination against A.S. by failing to prevent, respond to, adequately investigate, and/or appropriately resolve and remedy instances of unlawful discrimination, including bullying, harassment, intimidation, and a hostile educational environment on the basis of disability. As a direct and proximate result of the Defendants' unlawful discrimination.

84.  A.S. suffered and will continue to suffer harm, including but not limited to loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional, physical, and psychological distress, and other damages.

85.  As a result of the foregoing, Defendants violated the NYS Executive Law § 296.

## THIRD CLAIM FOR RELIEF - A.S. ONLY
## N.Y.C. ADMIN. CODE § 8-107(4) - AGAINST ALL DEFENDANTS

86.  Plaintiffs reallege the preceding paragraphs as if set forth here.

87.  During all times relevant to this claim, Defendants were agents or employees of a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-107(4)(a).

88.  By their actions as alleged herein, Defendants denied and withheld from A.S. the full and equal enjoyment of educational services because of her disability.

89.  As a direct and proximate result of Defendants' unlawful conduct, A.S. suffered and will continue to suffer harm, including but not limited to loss of educational opportunities, humiliation, embarrassment, reputational harm, emotional, physical, and psychological distress, and other damages.

### FOURTH CLAIM FOR RELIEF - A.S. ONLY
### 42 U.S.C. § 1983 - FAILURE TO TRAIN - DOE AND DEFENDANT LETO

90. Plaintiffs reallege the preceding paragraphs as if set forth here.

91. The conduct of the named defendants created a pervasive and offensive hostile atmosphere in violation of A.S.'s exercise of her rights to the Constitution of the United States. It deprived her of constitutional rights as guaranteed by law.

92. As a result of these wrongful actions, Plaintiff A.S. has suffered trauma, pain, and distress.

93. Defendants are liable for the wrongful conduct of their employees, as the decision-makers conceived and/or failed to create and implement a policy and practice of properly training personnel and employees to protect A.S.

94. Defendants are liable for the wrongful conduct of the School District's employees, as the decision-makers failed to train and supervise its supervisors, agents, and employees to avoid such pervasive and offensive hostile conduct against known, vulnerable minor, disabled students, such as A.S.

95. Defendants are liable for the wrongful conduct of the School District's employees, as the decision-makers permitted and condoned a policy and practice of not properly training employees who were charged with the care and custody of students. As a result of the defendant's wrongful conduct, plaintiff A.S. suffered the harm and damages averred to above.

### FIFTH CLAIM FOR RELIEF - 42 U.S.C. § 1983 - A.S. ONLY
### BREACH OF A SPECIAL CUSTODIAL ARRANGEMENT - DOE ONLY

96. Plaintiffs reallege the preceding paragraphs as if set forth here.

97. The conduct of the named defendants was based on the action or inaction of the Defendants, which was deliberately indifferent to and in violation of rights guaranteed to A.S. by law.

98. The actions of the Defendant are proximately related to the deprivation and loss of her constitutional rights as guaranteed by law.

99. As a result of these wrongful actions, A.S. has suffered trauma and distress.

100. Defendant DOE is liable for the wrongful conduct of the School District employees, as the decision-makers conceived and implemented a policy and practice of failing to train personnel and employees to protect A.S.'s rights.

101. Defendant DOE is liable for the wrongful conduct of the employees, as the decision-makers failed to train and supervise its supervisors, agents, and employees to avoid such pervasive and offensive hostile conduct against known vulnerable female students.

102. The Defendant is liable for the wrongful conduct of their employees, as the decision-makers permitted and condoned a policy and practice that did not properly train these employees. As a result of the Defendant's wrongful conduct, the Plaintiff suffered harm and damages.

**AS AND FOR A SIXTH CLAIM FOR RELIEF - DOE ONLY - MAXIM SEMIGLAZOV AND YANA SEMIGLAZOVA ONLY - VIOLATION OF THE REHABILITATION ACT**

103. Plaintiffs repeat and reallege each and every preceding paragraph as if fully set forth at length herein.

104. Defendant violated the Rehabilitation Act, 29 U.S.C. Section 504, et seq. by discriminating and retaliating against Plaintiffs Maxim Semiglazov and Yana Semiglazova because they advocated on behalf of their disabled, special needs child, A.S.

**SEVENTH CLAIM FOR RELIEF - DOE ONLY - A.S. ONLY**

105. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106. Plaintiff is a protected individual within the meaning of the Americans with Disabilities Act 42 U.S.C. 12182.

107. The Plaintiff has a disability within the meaning of the A.D.A.

108. Defendant DOE is a statutory party within the meaning of the A.D.A.

109. Defendant violated the A.D.A., subjecting A.S. to discrimination due to her disability and perceived disability and subjected her to a hostile academic environment due to Plaintiff's disability, perceived disability.

110. As a result of the willful activities of Defendant, Plaintiff A.S. has been deprived of educational opportunities based upon her disability and perceived disability in violation of the Americans with Disabilities Act 42 U.S.C. 12182 and suffered damages as a result of Defendant violating the A.D.A.

### EIGHTH CLAIM FOR RELIEF – 504-DOE ONLY-A.S. ONLY

111. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

112. Section 504 was violated because Plaintiff was an otherwise qualified individual with a disability and was excluded from participation and denied the benefits of and subjected to discrimination solely by reason of her disability and perceived disability.

113. As a result of the foregoing conduct, the DOE has violated. Section 504, 29 U.S.C. 794 and the regulations promulgated thereunder resulted in Plaintiff being damaged.

### AS AND FOR A NINTH CLAIM FOR RELIEF - A.S. ONLY - AGAINST INDIVIDUAL DEFENDANTS - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

114. Plaintiffs repeat and reallege each and every preceding paragraph as if fully set forth at length herein.

115. Individual Defendants' actions were intentional.

116. Individual Defendants' actions were extreme and outrageous.

117. Plaintiffs have suffered extreme emotional distress due to the incident.

118. The Plaintiffs' reputation has been irreparably harmed, and the Plaintiffs now suffer extreme emotional distress.

### AS AND FOR A TENTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS - A.S. ONLY - NEGLIGENCE

119. Plaintiffs repeat and reallege each and every preceding paragraph as if fully set forth at length herein.

120. Defendants acted deliberately, wantonly, willfully, recklessly, negligently, grossly negligently, and in bad faith in filing a false and baseless OORS report.

121. Defendant DOE was negligent in the supervision, training, and instruction of the Individual Defendants.

122. As a direct and proximate result of these acts, Plaintiffs suffered damage to their reputation, suffered mental pain, anguish and suffering, and other damages as a result of Defendants actions.

### PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY
### ON ALL ISSUES AND CLAIMS IN THIS ACTION

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs herein, Maxim Semiglazov and Yana Semiglazova, natural law guardians on behalf of their daughter, a minor child, and for themselves, demand judgment as follows:

**As to A.S.**

a. A declaration that the DOE has violated the A.D.A. (A.S. ONLY) and that Plaintiff A.S.'s rights have been violated under the A.D.A. and any other equitable relief that the Court deems necessary to correct the conditions complained of herein.

    b.      Compensatory damages to Plaintiff for the damages incurred, including but not limited to pain and suffering,

    d.      Attorney fees and costs cannot yet be determined.

    e.      Any other relief that is just and equitable.

**As to Maxim Semiglazov and Yana Semiglazova**

    a.      A declaration that the DOE has violated 504 and that Plaintiffs Maxim Semiglazov and Yana Semiglazova's rights have been violated under the 504 and any other equitable relief that the Court deems necessary to correct the conditions complained of herein.

    b.      Compensatory damages to Plaintiffs Maxim Semiglazov and Yana Semiglazova for the damages incurred, including but not limited to pain and suffering,

    d.      Attorney fees and costs cannot yet be determined.

    e.      Any other relief that is just and equitable.

## JURY DEMAND

**PLAINTIFFS HEREIN DEMAND A TRIAL BY JURY**.

WHEREFORE, the Plaintiffs herein, Maxim Semiglazov and Yana Semiglazova, individually and as natural law guardians on behalf of their daughter, a minor child, demand judgment as follows:

    a.      Judgment for economic losses and compensatory damages in an amount in excess of the limit for compulsory arbitration;

    b.      Punitive and exemplary damages as permitted by law against the individual Defendants;

    c.    For the violation of any claim providing for equitable relief, appropriate injunctive;

    d.    An award of reasonable costs and attorneys' fees under 42 U.S.C. § 1988, 29 U.S.C. § 794a, New York Executive Law § 297, New York City Administrative Code § 8-502(g), and/or any other applicable law;

    e.    Pre- and post-judgment interest to the fullest extent permitted by law; and

    f.    Any additional relief the Court deems just and proper.

Dated: New York, New York  
       May 16, 2025                                   Respectfully submitted,

                                                               STEWART LEE KARLIN  
                                                               LAW GROUP, P.C.

                                                               *s/ Stewart Lee Karlin*  
                                                               Stewart Lee Karlin, Esq.  
                                                               *Attorneys for Plaintiffs*  
                                                               111 John Street, 22nd Floor  
                                                               New York, NY 10038  
                                                                (212) 792-9670